IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | No. 4:06-CR-218 |
|---|---|---|
| v. | : | (Judge Jones) |
| ROBERT FOLEY, | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

August 16, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a construed Motion for Reconsideration of this Court's Order dated July 14, 2006, which released the Defendant Robert Foley on personal recognizance pending sentencing. The Government moves this Court to continue the Defendant's detention pending sentencing in accordance with 18 U.S.C. § 3143(a).

For the following reasons, the Motion (doc. 18) will be granted and the Defendant shall be ordered detained.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND:

On July 14, 2006, the Defendant waived indictment and entered a guilty

plea to Count One of a Felony Information filed on June 16, 2006. Defendant pled guilty to a violation of 18 U.S.C. § 371, conspiracy to bribe a person acting on behalf of the United States. The Defendant committed the instant offense at the end of an extended term of incarceration in the Federal Correctional Institution at Allenwood.[1] At the time the Defendant entered his plea, his projected release date was August 24, 2006.[2] At the conclusion of the guilty plea proceeding, we released the Defendant on personal recognizance pending sentencing.

At the proceeding, the Government indicated to the Court its disagreement with our Order releasing the Defendant on personal recognizance and its desire to file a motion for reconsideration. The Government filed the instant Motion (doc. 18) on July 28, 2006. To date, the Motion has been fully briefed and is therefore ripe for our review.

---

[1] On August 26, 1994, the Defendant was sentenced to 168 months imprisonment and 5 years supervised release following a conviction in the Eastern District of Pennsylvania for Attempt to Manufacture and Possession of Methamphetamine with Intent to Distribute.

[2] On August 3, 2006, the Defendant was charged institutionally with use of the phone for further criminal activity and giving or offering an official a bribe or anything of value in violation of the Bureau of Prisons rules and regulations. Disciplinary proceedings are pending, and accordingly, the Defendant's projected release date may be altered dependent on the disciplinary hearing outcome. The Defendant represents that the factual basis for these institutional charges is the same as those for the instant offense. The Defendant alleges that the timing of these institutional proceedings and notice of the charges has the appearance of a vindictive response by the Government to the Defendant's release pending sentencing. The Defendant's argument appears merely speculative and furthermore, the motivation behind the late initiation of institutional charges is of no moment to the disposition of the pending Motion before the Court.

## STANDARD OF REVIEW:

The Bail Reform Act creates a presumption against post-conviction release, the burden of which is upon the Defendant to overcome.  18 U.S.C. § 3143(a) reads, in pertinent part:

> The judicial officer shall order that a person who has been found guilty of an offense and is awaiting imposition . . . of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .

The Court of Appeals for the Third Circuit has indicated that a defendant's propensity to commit crime generally, even if resulting harm would be not solely physical, may constitute a sufficient risk of danger to deny bail pending appeal.  See United States v. Provenzano, 605 F.2d 85,95 (3d Cir. 1979).  Furthermore, as aptly noted by the Government, in determining whether a defendant should be held without bail, this court may consider various factors, including the defendant's demeanor, the facts of the case, any patterns of behavior that reflect on the defendant's future conduct and the likelihood of the defendant committing future unlawful acts while released on bail.  See United States v. Rabena, 339 F. Supp. 1140, 1142-1143 (E.D. Pa. 1972).

## DISCUSSION:

3

As noted by the Defendant and confirmed by the United States Probation Office's Supplement to Pretrial Services Report, the Defendant's recorded criminal history began at the relatively late age of thirty years old, when he was convicted of Possession with Intent to Use or Use of Drug Paraphernalia. In 1987, at age 32, the Defendant was convicted of Possession of a Prohibited Offensive Weapon, namely a sawed-off shotgun. That same year, the Defendant was convicted of Receiving Stolen Property and Criminal Conspiracy.

In 1994, at age 38, the Defendant added the aforementioned federal conviction of Attempt to Manufacture and Possess Methamphetamine with Intent to Distribute to his criminal record. The Defendant was sentenced to 168 months of imprisonment. While incarcerated, he has been subject to disciplinary action on two occasions, other than the recent pending institutional charges.

First, in 1996, the Defendant was charged with Attempt to Escape from Secure Custody. Reports indicate that an informant advised authorities that the Defendant and another inmate were involved in a plot to escape from the Federal Correctional Institution, Schuylkill. Numerous items which could be used to facilitate an escape were seized from the Defendant's cell, including

books about electronic devices, a "Gun List" magazine, a book of flight plans, and a photograph of an airplane to which the Bureau of Prisons believed the Defendant, who is a pilot, would have had access since it was located near the institution. The Defendant was placed in disciplinary segregation for thirty days and was given a disciplinary transfer to a more secure institution. The Defendant's second institutional disciplinary charge was for Possession of an Unauthorized Item, namely chewing tobacco, on October 27, 2005.

The instant offense to which the Defendant pled guilty began in approximately June 2005 and continued through December 2005. The Defendant and another inmate conspired to pay money to a contract employee at the Federal Correctional Institution, Allenwood, and in exchange the contract employee would introduce tobacco into the prison.[3] To facilitate the criminal enterprise, Christine Berger, the Defendant's sister, is alleged to have moved money on behalf of the Defendant to either another Defendant or to unindicted co-conspirator. Further, the Defendant also utilized the contract employee to take a letter outside of the facility and mail said letter for the Defendant, without the letter being subjected to monitoring or review by

---

[3] On March 7, 2005, the Bureau of Prisons changed is rules and regulations by establishing that all forms of tobacco were contraband which inmates at Federal Correctional Institutions were no longer allowed to lawfully possess or utilize.

Bureau of Prisons' officials. We find it particularly notable that the Defendant engaged in this illegal conduct within the last year of his expected period of incarceration.

On October 14, 2005, in anticipation of the Defendant's initial projected release date of August 24, 2006, the United States Probation Office conducted a prerelease investigation of the Defendant's plan to reside with his sister, Christine Berger, in New Ringold, Pennsylvania. At that time, Ms. Berger was interviewed and the residence was found to be acceptable. Prior to the Defendant's plea of guilty to Count One of the Information, the United States Probation Office recommended that the Defendant be released on personal recognizance pending sentencing, in anticipation that the Defendant would be released from incarceration on August 24, 2006, and remain released, but under supervision, until sentencing for the instant violation. Recently, the Government advised the United States Probation Office, as well as this Court, that Ms. Berger was involved in the instant offense, but was not charged.

The Government argues that the United States Probation Office's initial recommendation, that the Defendant be released on personal recognizance, is open to serious question because the Defendant has not overcome his burden of showing that he is not a danger of the community. The Government also

argues that the Defendant's ability to overcome his burden is compounded by the fact that he intends to be released to a former clearinghouse of his criminal activity.[4] The Defendant argues that the United States Probation Office's recommendation for release on personal recognizance is appropriate. The Defendant argues that he is not a risk of flight, nor a danger to the community. The Defendant submits that his criminal history is not "overly extensive," and lacks any charges for failing to appear or crimes of violence.

Our review of the Defendant's criminal record indicates that over the past twenty years the Defendant has committed various crimes of opportunity with increasing levels of severity. In 1994, the Defendant's ability to commit crimes on the street was suspended when he was sentenced to 168 months of incarceration by the United States District Court for the Eastern District of Pennsylvania. A review of the Defendant's record indicates that his initial adjustment to incarceration was unsuccessful, in light of the fact that within the first two years of incarceration he was amassing the tools to facilitate an escape. Furthermore, even nearing the very end of an extended incarceration

---

[4] We, like the Government, find it troubling that the Defendant's release plan includes a return to his sister's residence, a former situs of criminal activity. However, to the extent that we are vacating our Order of July 14, 2006 releasing the Defendant on personal recognizance, the issue of whether we should alter this plan is moot.

term, the Defendant felt compelled to engage in unlawful conduct when presented with the opportunity. According to the Defendant, the instant offense was admittedly one of opportunity as well, in order to provide "a desired commodity to the prison community for a profit." (Rec. Doc. 22 at 5). The Defendant's compulsion and willingness to engage in opportunistic criminal behavior at this late stage of his incarceration does not inspire this Court with any confidence that the Defendant will be able to refrain from turning down future opportunities to commit crimes if released into the community pending sentencing.[5]

We find that the Defendant has clearly demonstrated a "propensity to commit crime generally," Provenzano, 605 F. 2d at 95. Despite the Defendant's assertions to the contrary, we are not assured that he will decline to re-offend in the period, however brief, between his release from incarceration and sentencing for the instant offense. In fact, we are not assured that the Defendant poses less of a danger to the community because he will be on supervised release, namely because the Defendant was ambitious

---

[5] Defendant appears to argue that his recent crime is not one of violence and accordingly, there is no reason to believe that the public would be at *physical* risk in the event he is released. As noted, this reads into the law something that does not exist. Defendant has established in the Court's mind that he has a general propensity to commit crimes. That they are of a non-violent type is of little moment in our analysis.

enough to undertake criminal activity while subject to the ultimate form of supervision – incarceration at a federal correctional institution. Accordingly, we find that the Defendant has not overcome the presumption of detention pending sentencing by clear and convincing evidence as required by 18 U.S.C. § 3143(a) and shall vacate our Order of July 14, 2006. The Defendant shall be detained pending sentencing in this matter.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion for Reconsideration of this Court's Order dated July 14, 2006 (doc. 18) is GRANTED.

2. This Court's Order of July 14, 2006 (doc. 14) is VACATED.

3. The Defendant shall be DETAINED pending sentencing in this matter.

John E. Jones III
United States District Judge